IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| LINDA SWAGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-05050-CV-SW-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING APPLICATION FOR ATTORNEYS' FEES

This case arises out of the Commissioner of Social Security's decision to deny Plaintiff Linda Swager's application for Supplemental Security Income benefits based on disability. On February 22, 2011, the Court ruled that the Commissioner's decision was not supported by substantial evidence on the record and ordered the case to be remanded for further proceedings.

Now before the Court is Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act (doc. 20). Plaintiff's seeks attorney's fees totaling $5,960.70 for 34.70 hours of work[1] and reimbursement of the $350 filing fee. The Commissioner opposes the request, arguing (1) the application should be denied because the Commissioner's position was substantially justified; (2) the requested fee is unreasonable; (3) that any fee award should be made payable directly to the Plaintiff, not her attorney; and (4) reimbursement of the filing fee should be made from the judgment fund. Holding that the Commissioner's position was not substantially justified and that the requested fee is reasonable, Plaintiff's application is

---

[1] Six hours were spent reviewing Defendant's response and researching, writing, and editing Plaintiff's reply brief. This time is compensable under the Equal Access to Justice Act ("EAJA"). *See Kelly v. Bowen*, 862 F.2d 1333, 1334 (8th Cir. 1988) (holding time spent preparing EAJA fee application compensable); *see also United States v. Estridge*, 797 F.2d 1454, 1459 (8th Cir. 1986) (rejecting distinction between attorneys fees incurred in litigating the merits of the case and on collateral matters).

GRANTED. The fee award will be made directly to the Plaintiff, and reimbursement of the filing fee will be made from the judgment fund.

**Standard**

In order to be awarded fees under the Equal Access to Justice Act ("EAJA"), the plaintiff must establish that she was the prevailing party. Once the plaintiff has done so, "the burden shifts to the government to prove that it was substantially justified in asserting its position." *Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989). A position is substantially justified as long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Bah v. Cangemi*, 548 F.3d 680, 683-84 (8th Cir. 2008) (quotation omitted).

The amount of an award is determined by the specific facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The Supreme Court has identified twelve factors to consider in determining the reasonableness of a fee, *id.* at 430 n.3, and these factors are relevant to determining an award in Social Security cases. *See Roak v. Barnhart*, 221 F. Supp. 2d 1020, 1023 (W.D. Mo. 2002). They include the novelty and difficulty of the questions involved, the customary fee, whether the fee is fixed or contingent, the amount involved and the results obtained, and awards in similar cases. *Id.* The burden of establishing the reasonableness of a fee request rests with the applicant. *S.E.C. v. Zahareas*, 374 F.3d 624, 630-31 (8th Cir. 2004).

**Analysis**

**A. Plaintiff is the prevailing party and the Commissioner's position was not substantially justified.**

The Commissioner does not dispute that Plaintiff is the prevailing party, but argues his position was substantially justified. The Court reversed the Commissioner's decision because it found the ALJ had incorrectly determined Plaintiff's residual functional capacity. The

Commissioner contends that his position was substantially justified because a determination of residual functional capacity "is based on all relevant evidence and not just the medical evidence," and "the Commissioner's position that the RFC accounted for the credible limitations was substantial [sic] justified." The Court is not persuaded by this argument.

The error in the ALJ's decision stems from the fact that the ALJ stated she gave "great weight" to Dr. Andrew's opinion, but then completely ignored, without explanation, Dr. Andrew's opinion that the Plaintiff could not climb, balance, or stoop. The ALJ also failed to question the vocational expert about what impact a complete inability to climb, balance, or stoop, would have on her ability to be employed. The Court noted this was problematic because, as Social Security Ruling 96-9p observes, "A complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply . . ." 1996 WL 374185, at *8 (July 2, 1996). Nothing in the record suggested any reason to summarily discount Dr. Andrew's opinion, so the ALJ's failure to address this issue could not be dismissed as a mere deficiency in opinion writing. Accordingly, the Court holds that the Commissioner's assertion that the ALJ appropriately determined Plaintiff's RFC has no reasonable basis in law and fact and was not substantially justified.

**B.     The requested attorney's fees are reasonable.**

Next, the Commissioner suggests that the amount of fees requested are unreasonable given the circumstances of this case. The Commissioner observes that the Court denied Plaintiff's motion to proceed in forma pauperis, and contends "it is unreasonable to expect the Commissioner to pay the attorney fees for an unsuccessful motion." The Commissioner also objects to having to pay for all of the time Plaintiff's counsel spent writing Plaintiff's brief because the Court rejected about half of Plaintiff's arguments.

"Generally, 'a fee award presumptively encompasses all aspects of the civil action' in the absence of 'unreasonably dilatory conduct by the prevailing party in any portion of the litigation, which would justify denying fees for that portion.'" *Rodgers v. Astrue*, No. 09-1214, 2011 WL 721528, at *3 (D. Minn. Feb. 3, 2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983)). Like other fee-shifting statutes, the EAJA favors treating a case as an inclusive whole, rather than as atomized line-items. *Commissioner, INS v. Jean*, 496 U.S. 154, 161-162 (1990). Even when the Commissioner prevails against some of the plaintiff's arguments, the Commissioner's position may not be substantially justified if it was unreasonable as to the issue that required remand. *Rodgers*, 2011 WL 721528, at *3. In the present case the Court is unmoved by the fact that Plaintiff's did not prevail on every motion and every argument. The Court has previously rejected the suggestion that counsel should be compensated only for a single argument that succeeds in winning remand. *Glenn v. Astrue*, No. 10-06038-CV-SJ-DGK-SSA, 2011 WL 2135454, at *2 (W.D. Mo. May 31, 2011). "It is not the role of the court to look back and, with the advantage of hindsight, criticize counsel for being overly zealous in bringing facts and legal issues to the attention of the court." *Carlson v. Astrue*, 500 F. Supp. 2d 1174, 1179 (S.D. Iowa 2007). Much of Plaintiff's brief is taken up with summarizing the record, which has to be done regardless of the number of arguments made, and the total time spent preparing this case, including the unsuccessful arguments, was 28.70 hours, which is reasonable.[2] Accordingly, the Court will award the total amount requested, $5,960.70.

---

[2] This figure does not include the six hours spent responding to the objections to the fee request, which was also reasonable.

**C.     The fee award will be made directly to the Plaintiff, and reimbursement of the filing fee will be made from the judgment fund.**

Finally, the parties do not dispute that in accordance with *Astrue v. Ratliff*, any attorneys' fees are payable to Plaintiff as the litigant and subject to offset to satisfy any pre-existing debt that the litigant owes to the United States.  Defendant recognizes that Plaintiff has signed a fee agreement assigning any fee under the EAJA to Plaintiff's counsel, and that if Plaintiff does not owe any debt to the United States subject to offset, the fee will be made payable to Plaintiff's attorney based on the assignment.  The parties also agree that reimbursement of the $350 filing fee should be paid from the Judgment Fund.

**Conclusion**

For the foregoing reasons the Court holds the Commissioner's position was not substantially justified and the requested fee is reasonable.  Plaintiff is awarded $5,960.70 to be made payable to the Plaintiff.  Plaintiff shall also be reimbursed her $350 filing fee, to be paid from the Judgment Fund.

**IT IS SO ORDERED.**

Date:  July 5, 2011                                             /s/ Greg Kays
                                                              GREG KAYS, JUDGE
                                                              UNITED STATES DISTRICT COURT